[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant moves for summary judgment on all counts of the plaintiff's complaint, which alleges breach of the duty of fair dealing, violation of CUTPA and violation of CUIPA.
On February 7, 1992, the plaintiff, Faye Peterson, filed a three count revised complaint against the defendant Allstate Insurance Co. In the first count, the plaintiff alleges that while visiting the premises of Betty Morgan on July 27, 1987, plaintiff's minor son, Charles Chester Smith, was accidentally shot and blinded by Morgan's grandson, who resided with Morgan on the premises. The plaintiff alleges that she filed a claim for Smith's medical expenses with defendant Allstate Insurance Co., Morgan's homeowner's insurance policy carrier, and that the defendant's agents and employees advised the plaintiff that if she did not retain an attorney, the defendant would pay any of Smith's medical expenses which were not covered by Smith's health insurer. The plaintiff alleges that she submitted medical bills to the defendant during 1988 and 1989, and that the defendant told the plaintiff that it was not obligated to pay these expenses, because the statute of limitations had expired. The plaintiff alleges that because she was a claimant, the defendant had an obligation to deal fairly with the plaintiff, but that the defendant breached this duty by telling the plaintiff that the payment of the expenses would be delayed if she retained an attorney and by not telling the plaintiff that she might be entitled to damages in CT Page 8712 excess of medical expenses. The plaintiff alleges that as a result of the defendant's conduct, the plaintiff "has sustained substantial losses from medical expenses not paid but [which] were promised and other damages that would have been recoverable in a lawsuit." (Plaintiff's complaint, count one, paragraph 14).
In the second count, the plaintiff incorporates the allegations of the first count, and further alleges that the defendant's conduct violated General Statutes42-110a, et seq., the Connecticut Unfair Trade Practices Act (CUTPA).
In the third count, the plaintiff incorporates the allegations of the first count, and further alleges that the defendant's conduct violated General Statutes38a-815, et seq., the Connecticut Unfair Insurance Practice Act (CUIPA).
On May 9, 1991, the defendant filed an answer, thereby closing the pleadings.
On May 22, 1992, the defendant filed a motion for summary judgment as to the entire complaint, a memorandum in support thereof, a copy of the transcript of the plaintiff's deposition, copies of documents, and affidavits of two of the defendant's employees.
On July 2, 1992, the plaintiff filed an objection to defendant's motion for summary judgment, together with a memorandum of law in support of the objection, the plaintiff's affidavit, copies of excerpts from the transcript of the plaintiff's deposition, and copies of documents.
"The function of the trial court in ruling on a motion for summary judgment is to determine whether there is a genuine issue as to any material fact . . . ." Town Bank and Trust Co. v. Bensen, 176 Conn. 304, 306,407 A.2d 972 (1978). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the non-moving party." Connell v. Colwell, 214 Conn. 242, 247, 571 A.2d 116 (1990). "The test is whether a party would be entitled to a directed verdict on the same facts." Id. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw, 193 Conn. 442, 445,476 A.2d 582 (1984). After the pleadings have been CT Page 8713 closed, a motion for summary judgment may properly be used to contest the legal sufficiency of the complaint. Boucher Agency, Inc. v. Zimmer, 160 Conn. 404, 409,279 A.2d 540 (1971).
I COUNT ONE-DUTY OF FAIR DEALING
The defendant argues that it did not owe any duty of fair dealing to the plaintiff. The defendant argues that such a duty would only be owed to its insured.
The plaintiff argues that the defendant's representatives told the plaintiff that they would assist the plaintiff in paying Smith's medical expenses, hence the defendant assumed a direct liability to pay the expenses. The plaintiff also "seeks to amend her complaint to include her son." (Plaintiff's memorandum, page 4). The plaintiff has not filed a request for leave to file an amendment nor a motion to cite in or admit new parties.[1]
 `[T]he implied covenant of good faith and fair dealing has been applied by this court in a variety of contractual relationships, including . . . insurance contracts . . .' The concept of good faith and fair dealing is `[e]ssentially . . . a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended . . .'
(Citations omitted). Verrastro v. Middlesex Ins. Co.,207 Conn. 179, 190, 540 A.2d 693 (1988). "`[I]n every insurance contract there is an implied covenant of good faith and fair dealing.'" L.F. Pace Sons, Inc. v. Traveler's Indemnity Co., 9 Conn. App. 30, 46,514 A.2d 766 (1986), citing Gruenberg v. Aetna Ins. Co., 9 Cal.3d 566,575, 510 P.2d 1032 (1973).
The plaintiff does not allege that she is an insured or that any contractual relationship based upon an insurance contract existed between the defendant and the plaintiff or between the defendant and Smith, but rather appears to allege a claim based upon an estoppel theory. Although the holdings of Verrastro and L.F. Pace Son, Inc. do extend the implied covenant of good faith and fair dealing to parties to a contract, no Connecticut courts have extended such a duty to parties who have not entered into a contractual relationship. Further, because the Verrastro court defined the implied CT Page 8714 covenant as "a rule of construction designed to fulfill the reasonable expectations of the contracting parties," an extension of the implied covenant to parties who have not entered into a contract would be contrary to the holding of Verrastro. We find that the plaintiff's first count is legally insufficient. Accordingly, the defendant's motion for summary judgment is granted as to count one.
II COUNT TWO-CUTPA
The defendant argues that CUTPA claims which relate to insurance must allege that the defendant's conduct was a general business practice which was in violation of CUIPA. The defendant argues further that the plaintiff cannot allege a CUIPA violation, because CUIPA is only applicable to settlement practices between insurer and insured, not between an insurer and third-party claimants.
The plaintiff argues that the defendant violated both CUTPA and CUIPA by distributing a brochure on claims settlement, by failing to answer the plaintiff's phone calls, by indicating that the medical bills would be paid only if the plaintiff did not retain an attorney, and by failing to advise the plaintiff of all possible benefits under the policy. The plaintiff argues that this conduct constitutes a misrepresentation in violation of General Statutes 38a-816(1)(f) and an unfair claims settlement practice in violation of General Statutes 38a-816(6)(b), (n).
In order for insurance-related conduct to constitute a violation of CUTPA, the conduct must constitute a violation of CUIPA. Mead v. Burns,199 Conn. 651, 663-66, 509 A.2d 11 (1986). Accordingly, this court's inquiry must be whether the defendant has alleged conduct that constitutes a violation of CUIPA.
"Unfair claim settlement practices" are defined as "[c]ommitting or performing with such frequency as to indicate a general business practice any of" several listed acts. General Statutes 38a-816(6). "The definition of unacceptable insurer conduct in [38a-816(6)] reflects the legislative determination that isolated instances of unfair insurance settlement practices are not so violative of the public policy of this state as to warrant statutory intervention." Mead v. Burns, supra, 666. See also Buenaventura v. Savings Bank Life Insurance Co., 2 Conn. L. Rptr. 747 (October CT Page 8715 12, 1990, Heiman, J.) (defendant insurer's allegedly unfair settlement practices in relation to the plaintiff's claim constituted only a single act of alleged misconduct, and, therefore, did not satisfy requirements of 38a-816(6)).
Further, unfair claims settlement practices have been held to be actionable for insureds only, not for third-party claimants. Thomspson v. Aetna Life 
Casualty Co., 2 CSCR 648 (May 15, 1987, Satter, J.); Kyle v. Aetna Life Casualty Co., 3 CSCR 443 (April 6, 1988, O'Connell, J.); Taylor v. Nationwide Mutual Insurance Co., 3 CSCR 625 (June 22, 1988, McDonald, J.).
Hence, because the plaintiff does not allege that the defendant committed unfair claims settlement practices in instances other than the present case, and because the plaintiff does not allege that she was insured by the defendant, the plaintiff's unfair claims settlement practices claim is legally insufficient.
The plaintiff argues further that the defendant's conduct constitutes a misrepresentation in violation of General Statutes 38a-816(1)(f). This statute defines "[m]isrepresentations and false advertising of insurance policies" as "[m]aking, issuing or circulating, or causing to be made, issued or circulated, any estimate, illustration, circular or statement, sales presentation, omission or comparison which . . . is a misrepresentation for the purpose of inducing or tending to induce the lapse, forfeiture, exchange, conversion or surrender of any insurance policy[.]" Id. However, the plaintiff has not alleged any facts which show that the misrepresentations were made in order to induce the lapse, forfeiture, exchange, conversion or surrender of any insurance policy; rather, the plaintiff alleges that the misrepresentations were made in connection with the settlement of the plaintiff's claim.
We find that the plaintiff's allegations are legally insufficient to state a CUIPA claim, and, therefore, the allegations are legally insufficient to state a CUTPA claim. Accordingly, the defendant's motion for summary judgment is granted as to the second count of the plaintiff's complaint.
III COUNT THREE-CUIPA
As stated above, the plaintiff's allegations are legally insufficient to state a CUIPA claim. CT Page 8716 Accordingly, the motion for summary judgment is granted as to the third count of the plaintiff's complaint.
Mary R. Hennessey, Judge