[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant has filed a motion to strike the second and third counts of the revised complaint. The plaintiff and the named defendant were the operators of motor vehicles involved in a two vehicle collision. The first count alleges negligence on the part of the named defendant. The second count is against the named defendant's insurer, ITT Hartford Insurance Group (ITT), and claims it engaged in an unfair insurance practice in violation of section 38a-816 of the General Statutes, the Connecticut Unfair Insurance Practices Act (CUIPA). The third count realleges the allegations of the second count and alleges that the conduct of ITT Hartford violated section 42-110a of the General Statutes, the Connecticut Unfair Trade Practices Act (CUTPA). ITT claims there was no cause of action against it under CUIPA because there is no obligation of good faith and fair dealing between CT Page 2550 an insurance company and a claimant against the party insured by the company, and that there is no cause of action under CUTPA because a violation of CUIPA is a prerequisite for insurance related conduct to be a CUTPA violation.
A motion to strike admits all facts well pleaded but does not admit legal conclusions or the truth or accuracy of opinions in the complaint; if the facts provable under the allegations of the complaint support a cause of action, the motion to strike must be denied. Mingachos v. CBS, Inc.,196 Conn. 91, 108, 109. The second count claims that ITT has been supplied with extensive data showing the clear merit of the plaintiff's claim and the liability of the insured, but ITT has failed and refused to make a good faith settlement of the plaintiff's claim. The complaint also alleges that the defendant ITT has engaged in a general business practice of failing and refusing to make good faith efforts to settle claims, although no facts are stated to support that statement. In order to have a cause of action under CUIPA, there must be a showing of more than a single act of insurer misconduct amounting to unfair settlement practices. Mead v. Burns, 199 Conn. 651, 659. The conduct must be a general business practice, Id., 664, and isolated instances of unfair insurance settlement practices do not violate the statute. Id., 666. However, since the motion to strike is not based on the fact that the complaint contains only conclusory statements of the general business practice on settlements of ITT, the motion to strike will not be decided on that basis. ITT claims that there is no obligation of good faith and fair dealing between an insurance company and a claimant against a defendant insured by the company. Unfair insurance practices are defined in section 38a-816(6) of the General Statutes. They include:
 [c]ommitting or performing with such frequency as to indicate a general business practice any of the following . . . (f) not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear . . . (m) failing to promptly to settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage. . . . CT Page 2551
There is apparently no decision from the Connecticut Supreme Court or Appellate Court deciding whether a cause of action for an unfair settlement practice exists against an insurance company where the plaintiff is not an insured under its policy. Several Superior Court cases that have considered the issue have held that unfair claims settlement practices can only be brought by the insured. Peterson v. Allstate Insurance Co., 7 CSCR 1183 (1992) (Hennessey, J.); Taylor v. Nationwide Mutual Insurance Co., 3 CSCR 625 (1989) (McDonald, J.); Thompson v. Aetna Life Casualty Co.,2 CSCR 648 (1987) (Satter, J.). Moreover, it was held in Kyle v. Aetna Life Casualty Co., 3 CSCR 443 (1988) (O'Connell, J.) that there is no cause of action against the insurer as long as the liability of the insured is still unresolved.
The plaintiff has cited no decision recognizing a cause of action under CUIPA by a claimant who is not an insured of the defendant, or where there was not an existing judgment against the insured on the underlying negligence or other liability claim. The cases relied upon are distinguishable on their facts. See Barrett v. Traveler's Insurance Company,117 Conn. 147 (third party claimant's action against insurer for payment of a final judgment the third party obtained against the insured); Doyle v. St. Paul Fire Marine Insurance Company, Inc., 583 F. Sup. 554 (D. Conn. 1984) Insurance Company, Inc., 583 F. Sup. 554 (D. Conn. 1984) (claim by insured under his own policy for nonpayment for stolen property). The lack of cases supporting the plaintiff's Position here is not surprising. An insurance company has the obligation to defend its insured, which may involve contesting both liability and damages. A claimant has no direct cause of action against an insurance company of the tortfeasor. The insurance company has the obligations to defend its insured and to pay damages which the insured owes to the plaintiff when there is a judgment against the defendant. The cause of action claimed by the plaintiff would interfere with the insurance company's right and duty to defend its insured. Plaintiff should not be allowed to short circuit this process by claiming that the insurer unfairly failed to settled an unliquidated claim (as opposed to an existing judgment) against the insured. That would undercut the constitutional right to contest a claim and have a trial. In the absence of a statute or definitive legal authority on the question, neither of which has been CT Page 2552 identified by the plaintiff, this court declines to create a new cause of action against an insurance company for a plaintiff not insured by it for a prejudgment, contested claim.
In order for insurance related conduct to be an unfair trade practice actionable under CUTPA, the conduct must be a violation of CUIPA. Mead v. Burns, supra, 663-666. See also Kyle v. Aetna Life Casualty Co., supra; Peterson v. Allstate Insurance Company, supra. Since there is no factual or legal basis for a CUIPA claim, the CUTPA claim under the third count also fails.
The motion to strike the second and third counts of the revised complaint is granted.
Robert A. Fuller, Judge