[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff was injured in an automobile accident when her vehicle was in a collision with a vehicle insured by the defendant, Grange Mutual Casualty Company. The accident occurred in Florida on March 9, 1989. The plaintiff brought this action against the defendant on February 8, 1993.
The plaintiff claims defendant's adjuster admitted liability and acknowledged the plaintiff's injuries and damages but refused to make a good faith offer, although the value of the case was equal to the policy limit of $100,000.
The plaintiff then brought this action claiming that the defendant insurer is liable for bad faith, count one, violation of Connecticut General Statutes 42-110b (The Connecticut Unfair Trade Practices Act), count two, and causing the plaintiff emotional distress, count three.
The defendant has moved for summary judgment on all three counts claiming that the plaintiff has not stated a claim upon which relief may be granted and that it is entitled to judgment as a matter of law.
With regard to the first count, the plaintiff is not a CT Page 8527 contracting party with the defendant. The law is clear that only contracting parties may enforce the implied covenant of good faith and fair dealing. While a plaintiff may be in a position to recover a verdict which is in excess of the policy limits from an insurer of a defendant driver when the insurer has demonstrated bad faith in refusing to settle a claim within the policy limits she may not bring such action until after the verdict. In this case the action for bad faith is premature. A third party has no contractual right to claim bad faith at this time.
The plaintiff does not allege that she is an insured or has any contractual relationship with the defendant. No Connecticut court has extended the implied covenant of fair dealing and good faith to parties who have not entered into a contractual relationship. The court, therefore, finds the plaintiff's first count is legally insufficient. Summary
Regarding the CUTPA and CUIPA claims in count two, claims of unfair settlement practices are actionable for insureds only, not for third party claimants. Since the plaintiff is not an insured of the defendant this claim is also legally insufficient. Faye Peterson v. Allstate Insurance Co.,7 CSCR 1183 (September 17, 1992, Hennessey, J.) and cases cited therein.
The third count also depends upon a contractual duty. Without such duty there is no justiciable claim. To permit a claim of emotional distress by a party to third party litigation because of the conduct of the opposing party would open the door to a flood of endless unjustifiable litigation. The allegations of the third count are legally insufficient. Summary judgment is granted as to this count also.
Hurley, J.