[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff's claims in this action arose out of injuries which the plaintiff claims were work related and occurred on November 17, 1986. At that time the plaintiff was employed by D. I. Chapman Company (hereafter called "Chapman" or "the employer"). The defendant, Fireman's Fund Insurance Company, is the workers compensation insurance carrier for Chapman.
The first count of the revised complaint alleges that Fireman's Fund did not act in good faith and in accordance with its insurance contract and breached the implied covenant of good faith and fair dealing. The second count claims tortious breach of contract. The third count claims that the conduct in the first count amounts to a violation of 42-110b of the General Statutes, the Connecticut Unfair Trade Practices Act ("CUTPA"). The fourth count also incorporates the first count and claims a violation of 38-60 of the General Statutes, the Connecticut Unfair Insurance Practices Act ("CUIPA"). The defendant has filed a motion to strike the third and fourth counts of the revised complaint.
A motion to strike admits all facts well pleaded, but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS. Inc.,196 Conn. 91, 108; Blancato v. Feldspar Corp., 203 Conn. 34, 36, 37. On a motion to strike, the complaint is construed in the manner most favorable to the plaintiff. Id., 36.
While the third and fourth counts incorporate by reference the allegations of the first count, a plaintiff cannot CT Page 11033 plead the same cause of action twice in the same complaint, and for purposes of this motion, the question before the court is whether there is a factual and legal basis for CUTPA and CUIPA claims in this case, regardless of whether the first count otherwise states a cause of action for breach of an implied covenant of good faith and fair dealing.
It is apparent from the complaint that the plaintiff filed for workers compensation benefits because he claimed that his injuries were job related. The defendant has opposed payment of benefits, and paragraph ten of the complaint states that the Workers Compensation Commission has not made a decision and has not denied either benefits or an award to the plaintiff.
The defendant has an insurance contract with Chapman to pay benefits due an injured employee of Chapman under the workers compensation law. The defendant claims that it has not breached any legal duty to the plaintiff, and that the plaintiff must exhaust the administrative remedy of workers compensation proceedings as a prerequisite to a CUTPA claim. It also claims that the conduct stated in the complaint does not amount to acts "in the course of any trade or commerce" which is essential to a CUTPA claim.
The claims in the third count and the defenses to them must be considered in the context of the workers compensation statutes. Where an employee is injured during the course of his employment, workers compensation is the exclusive remedy for a recovery against the employer for job related injuries. Sharp v. Mitchell, 209 Conn. 59, 66; Jett v. Dunlap, 179 Conn. 215, 217;31-284(a) Connecticut General Statutes. The workers compensation statutes compromise an employee's right to a common law tort action for work related injuries in return for a relatively quick and certain compensation without regard to fault. Mingachos v. CBS, Inc., supra, 97. Where a worker's personal injury is covered by the act, statutory compensation is the sole remedy and any recovery in common law tort against the employer is barred. Sharp v. Mitchell, supra, 67.
The insurance company providing workers compensation coverage to an employer stands in the same position as the employer, and its obligation is to make payments as required by the workers compensation statutes. This allows it to contest liability for workers compensation on procedural and substantive grounds allowed by the workers compensation statutes, but not to contest CT Page 11034 liability based on whether or not the employer was at fault for the employee's injuries. The employer's insurance carrier has no obligation to pay workers compensation benefits unless the employer is responsible to pay benefits to its employee. The defendant's contract is with the plaintiff's employer, not the plaintiff.
In order to recover under CUTPA, the plaintiff must prove that the defendant engaged "in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Section 42-110b(a) Connecticut General Statutes (emphasis added). In Quimby v. Kimberly Clark Corp., 28 Conn. App. 660,670, it was held that the failure to allege that the defendant (there an employer) committed the illegal acts "in the conduct of any trade or commerce" was fatal to a count claiming a CUTPA violation, and that even if it did, the employer-employee relationship does not fall within the definition of trade or commerce for the purpose of an action under CUTPA.
The third count of the complaint here, together with the incorporated statements in the first count, do not allege that the acts occurred in the conduct of trade or commerce. Even if this is overlooked, the contesting of workers compensation benefits in its capacity as insurer for the employer does not create an actionable relationship under the CUTPA statutes. As noted in Quimby,42-110a(4) defines trade and commerce as "the advertising, sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any article, commodity or thing of value in this state."
The defendant insurer has not distributed any services or property to the plaintiff or engaged in any actions towards the plaintiff which are within this definition. Even though the defendant is the insurer rather than a self-insured employer, any conduct of the defendant towards the plaintiff, or inaction on its part, does not meet the trade or commerce component of 42-110b(a) of the General Statutes.
In order to recover under CUTPA a plaintiff must show that the defendant breached a legal duty owed to him and that the defendant engaged in unfair or deceptive acts or practices. A workers compensation insurer has the right to contest a claim for benefits under the workers compensation statutes, and as long as it complies with the statutory procedures and requirements, failing to settle a workers compensation claim would not violate Connecticut CT Page 11035 statutes or law or be contrary to public policy. In Mora v. Aetna Life Casualty Ins. Co., 13 Conn. App. 208, a substantially similar situation existed. There the insurer refused to pay workers compensation which the plaintiff claimed was its obligation under the workers compensation statutes. The court stated that, "entitlement to workers compensation benefits does not attach upon a mere request for payment", Id., 212, and discussed the prerequisites for the employer and its insurer to pay compensation to the employee. Where liability is contested, there is no right to recover compensation until the adjudication of the claim by the workers compensation commissioner and the granting of an award to the employee. Id., 212, 213. Where the complaint did not show that the employee had received an award in a contested case, there was no duty to pay compensation, and counts of the complaint alleging CUTPA and CUIPA violations were stricken from the complaint. Id., 213. The complaint here states that the plaintiff has received no ruling that he is entitled to workers compensation benefits. Since the legal liability of the defendant to pay benefits has not accrued, the plaintiff cannot claim that the defendant's failure to pay benefits is an unfair trade or insurance practice under either statute.
While a finding of liability by the workers compensation commission is a prerequisite for the defendant's liability to the plaintiff-employee, the doctrine of failure to exhaust administrative remedies does not apply. Neither the workers compensation commission or the insurance commissioner can award damages for failure to comply with the worker's compensation or insurance statutes. See Griswold v. Union Labor Life Ins. Co.,186 Conn. 507, 519, 520. While exhaustion of administrative remedies does not apply here, and it is possible to state a cause of action under CUTPA for a violation of CUIPA, Mead v. Burns, 199 Conn. 651,663, the action is premature until the Workers Compensation Commission makes a finding of liability on the part of the employer, and therefore on the defendant. This is an additional reason why the third count does not state an actionable CUTPA claim.
There are different but related considerations for the CUIPA claim in the fourth count. In order to have a cause of action for an unfair settlement practice under 38a-815 of the General Statutes (formerly 38-60), there must be a showing of more than a single act of insurance misconduct as defined in 38a-816
(formerly 38-61). Mead v. Burns, supra, 659, 666. In what maybe an attempt to avoid prompt demise of the fourth count, the CT Page 11036 plaintiff has inserted the magic words of other acts of insurance misconduct by the defendant, although not stating the factual basis for that claim. However, on a motion to strike, legal conclusions are not admitted, Mingachos v. CBS, Inc., supra, 108, and the bald statement that the defendant has, as a matter of business policy, failed to settle workers' compensation claims of other persons is a legal conclusion, particularly since the other claimants are not identified. The fact that the plaintiff has filed discovery to find other claimants in a comparable position in an attempt to bootstrap the CUIPA claim under the fourth count does not aid his case. While this is a sufficient ground for a motion to strike, there are other reasons why the fourth count does not state a cause of action.
The plaintiff is not the insured under the workers compensation insurance policy involved in this case. The plaintiff's employer is the insured. Neither our Supreme Court or Appellate Court have decided whether a cause of action for an unfair settlement practice exists against an insurance company under 38a-815 of the General Statutes where the plaintiff is not an insured under its policy. However, several Superior Court cases that have considered the issue have held that unfair claims settlement practices can only be brought by the insured. Peterson v. Allstate Ins. Co., 7 CSCR 1183 (1992); Taylor v. Nationwide Mutual Ins. Co., 3 CSCR 625 (1988); Thompson v. Aetna Life Casualty Co., 2 CSCR 648 (1987); Richards v. Deaton, 8 CSCR 362
(1993). This is also the majority rule in other states. Hart-Anderson v. Hauck, 748 P.2d 937, 941 (Mont. 1988); Tank v. State Farm Fire Casualty Co., 105 Wash.2d 381, 715 P.2d 1133 (1986); O.K. Lumber Co. v. Providence Washington Ins. Co., 759 P.2d 523,527 (Alaska 1988) (discussing cases from other states); Scroggins v. Allstate Ins. Co., 74 Ill. App.3d 1027, 393 N.E.2d 718, 721-722
(1979); Kranzush v. Badger State Mutual Casualty Co., 103 Wis.2d 56,307 N.W.2d 256 (1981); Auclair v. Nationwide Mutual Ins. Co.,505 A.2d 431 (R.I. 1986).
It should be noted, however, that whether or not third party claimants have a private right of action against the insurer depends upon the version of the Unfair Claim Settlement Practices Act in each state. The Connecticut Superior Court decisions have not found legislative intent from the language in 38a-815 and38a-816 of the General Statutes to allow an action by a third party claimant. In fact, such a cause of action would interfere with the insurance company's right and duty to defend its insured. Absent clear legislative intent, the statutes should not be CT Page 11037 construed to create a new cause of action against an insurance company by a third party claimant without a judgment on the contested claim.
Even in those states which allow third party claims against the insurance carrier based on their statutes, the claim is based upon other types of insurance coverage, and the court's attention has not been directed to any cases involving unfair settlement practices in the context of workers compensation insurance coverage.
Finally, there can be no cause of action against the insurer as long as the liability of the insured to the employee is still unresolved. See Kyle v. Aetna Life Casualty Co.,3 CSCR 443 (1988). Even in the states which allow third party claims against the insurer based on failure to settle the case, the claimant cannot bring the action until the underlying claim against the insured is resolved. See Royal Globe Ins. Co. v. Superior Court of Butte County, 152 Cal.Rptr. 842, 592 P.2d 329, 334
(1979); Jenkins v. J.C. Penney Casualty Ins. Co., 280 S.E.2d 252,259 (W.Va. 1981). The basis for this is that an action for bad faith refusal to settle a claim is premature until it is determined that there is liability on the underlying claim of the third party. As recognized in Mora v. Aetna Life Casualty Ins. Co., supra, 213, until the insurer has a duty to pay compensation to the employee, there is no cause of action. There the court did not reverse the trial court's granting of a motion to strike a claim for unfair insurance practices under former sections 38-60 and 38-61 of the General Statutes.
The motion to strike the third and fourth counts of the amended complaint is granted.
ROBERT A. FULLER, JUDGE