[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE (#106)
On February 28, 1994, the plaintiff, Noel McCormick, was injured when his automobile was struck by a wheel that fell off a tractor trailer operated by John Hill and owned by Bell Transport, Inc. (Bell Transport). Both Hill and Bell Transport were insured by the defendant, New Hampshire Insurance Company (New Hampshire). On December 12, 1994, the plaintiff and his wife, Marjorie McCormick, filed suit in this judicial district (CV94-74061) against Hill and Bell Transport for injuries arising out of the accident. A settlement offer was not made and the plaintiff subsequently commenced the present action against New Hampshire.
On July 6, 1995, the plaintiff filed a one count amended complaint (#101) against New Hampshire alleging unfair insurance settlement practices in violation of the Connecticut Unfair Insurance Practices Act (CUIPA) General Statutes § 38a-815 et seq. On July 21, 1995, New Hampshire filed a motion to strike (#102) the complaint on the grounds that: (1) an allegation of misconduct in the handling of a single insurance claim is not sufficient to constitute an unfair settlement practice pursuant to General Statutes § 38a-816 (6); (2) CUIPA does not provide a private cause of action; and (3) the plaintiff was not an insured of the defendant. This court granted New Hampshire's motion to strike (#102.60) on the ground that the alleged misconduct concerned only one insurance claim and thus did not constitute a "general business practice" as required by General Statutes § 38a-816 (6). See Lees v. Middlesex Ins. Co.,229 Conn. 842, 849, 643 A.2d 1282 (1994).
On November 7, 1995, the plaintiff filed a second amended complaint (#102.94) which added allegations of misconduct by New Hampshire in the handling of another insurance claim. On November 21, 1995, New Hampshire moved to strike (#106) that complaint on the second and third grounds set forth in its first motion to strike. In response, on December 6, 1995, the plaintiff submitted CT Page 2316 a request to file a third amended complaint (#107) which added a second count alleging violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. At oral argument on January 16, 1996, this court indicated that the plaintiff's third amended complaint would be the operative complaint for purposes of the motion to strike and accordingly granted New Hampshire permission to address the CUTPA count in a supplemental memorandum to its November 21, 1995 motion.
"A motion to strike challenges the legal sufficiency of a pleading. Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). In reviewing the granting of a motion to strike, we take the facts alleged in the plaintiff's complaint and construe the complaint in the manner most favorable to the plaintiff. Mozzochiv. Beck, 204 Conn. 490, 491, 529 A.2d 171 (1987). This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Westport Bank Trust Co. v. Corcoran,Mallin Aresco, 221 Conn. 490, 495-96, 605 A.2d 862 (1992).
In its motion and supporting memoranda, New Hampshire argues that the CUIPA claim should be stricken on the grounds that CUIPA does not provide a private cause of action and the plaintiff is not an insured of the defendant. In addition, the defendant argues that because the plaintiff fails to state a claim under CUIPA, his CUTPA claim must also fail. The plaintiff argues in opposition that there is no appellate decision which precludes third party claims against insurers, or any language in the legislative history or the statute itself which limits the availability of CUIPA to third party claimants.
This court has previously held that "CUIPA does not provide a private cause of action." C M Technology, Inc. v. The TravelersIns. Co., Superior Court, judicial district of Middlesex, Docket No. 72968 (April 5, 1995, Stanley, J., 14 Conn. L. Rptr. 32). In that decision, however, this court acknowledged that "a private cause of action exists under CUTPA to enforce alleged CUIPA violations provided the alleged conduct violates CUIPA." Id., citing Mead v. Burns, 199 Conn. 651, 663, 509 A.2d 11 (1986). Although the appellate courts have not yet ruled on the issue of whether a cause of action for unfair settlement practices exists against an insurance company where the plaintiff is not an insured CT Page 2317 under its policy; see Mead v. Burns, supra, 199 Conn. 657 n. 5; a majority of Superior Court cases which have considered the issue have held that claims of unfair settlement practices can only be brought by an insured, and not a third party claimant. See, e.g.,Webster v. U.S. Fidelity Guaranty Co., Superior Court, judicial district of Tolland at Rockville, Docket No. 51784 (March 21, 1995, Rittenband, J.); DeVillegas v. Quality Roofing, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 29419 (December 1, 1993, Freedman, J.); DeCormier v. Grange MutualCasualty Co., Superior Court, judicial district of New London, Docket No. 525835 (October 18, 1993, Hurley, J.); Richards v.Deaton, Superior Court, judicial district of Danbury, Docket No. 309417 (March 11, 1993, Fuller, J., 8 CSCR 362); Peterson v.Allstate Ins. Co., Superior Court, judicial district of Hartford New Britain at Hartford, Docket No. 9387142 (September 17, 1992, Hennessey, J., 7 CSCR 1183); State Vending, Inc. v. Wells FargoAlarm Services, Superior Court, judicial district of Tolland at Rockville, Docket No. 45736 (April 3, 1992, McWeeny, J.,6 Conn. L. Rptr. 275); Wissler v. Papastavrou, Superior Court, judicial district of New Haven, Docket No. 278136 (June 12, 1990, Berdon, J., 5 CSCR 476); Taylor v. Nationwide Mutual Ins. Co., Superior Court, judicial district of Waterbury, Docket No. 72898 (June 22, 1988, McDonald, J., 3 CSCR 625); Kyle v. Aetna Life Casualty Co., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 324452 (April 22, 1988, O'Neill, J.,3 CSCR 443); Thompson v. Aetna Life Casualty Co., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 308821 (May 15, 1987, Satter, J., 2 CSCR 648). Some courts have indicated an intention to limit such a position, however, to instances in which a judgment has not already been rendered against the insured. See, e.g., Richards v. Deaton, supra; Kyle v. AetnaLife Casualty Co., supra. In the present case, the plaintiff is not an insured of the defendant. In addition, the liability of the insured is an issue currently pending in a separate action in this court. Accordingly, the defendant' s motion to strike the plaintiff's third amended complaint is granted.
BY THE COURT:
STANLEY, J.