[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The Complaint in this case alleges that the plaintiff, Alfred Martin, was injured when the vehicle which he was driving collided with a vehicle owned by the defendant, Ram Welding Company, Inc. and operated by the defendant, Samuel A. Marino. In Count Five, the plaintiffs allege that the defendants are insured by CNA Insurance Companies and seek to recover from CNA for an "unfair insurance settlement practice" because CNA's agent CT Page 2430 withdrew an offer to settle the plaintiffs' property damage claim upon learning that the plaintiffs intended to commence an action for personal injuries.
The defendant, CNA Insurance Companies, has moved to strike the Fifth Count on the grounds that Connecticut Unfair Insurance Practices Act ("CUIPA"), Connecticut General Statutes § 38a-816, does not provide for a private right of action and that even if it did, such right would inure only to the benefit of an insured, or one subrogated to the rights of an insured, and not to a third party with no contractual rights against the insurer. The court agrees that the Fifth Count should be stricken.
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book 152; Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989); Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). In deciding a motion to strike the trial court must consider as true the factual allegations, but not the legal conclusions set forth in the complaint. Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990); Blancato v. Feldspar Corp., 203 Conn. 34,36, 522 A.2d 1235 (1987).
The court should view the facts in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly probable under them. Dennisonv. Klozz, 12 Conn. App. 570, 577, 532 A.2d 1311 (1987). In ruling on a motion to strike, the court must take as admitted all well-pled facts, and those necessarily implied thereby, and construe them in the manner most favorable to the pleader. Norwich v.Silverberg, 200 Conn. 367, 370, 511 A.2d 336 (1986).
In Warner v. Sanford Hall Agency, No. CV 91 0398991 (Feb. 9, 1993), 1993 Ct. Sup. 1508 this court, Wagner, J., considered the question of whether CUIPA provides a private right of action:
 The question of whether a private cause of action can be based directly on an alleged violation of CUIPA has not been specifically addressed by our Appellate or Supreme Court. At least two judges have concluded that there is no direct private cause of action under CUIPA, since it is essentially a regulatory statute governing the insurance industry and unlike CUTPA, does not expressly create a private cause of action. Lees v. Middlesex Insurance Co.,
7 CLR No. 11, 297 (1992-Lewis, J.). Scheer v. Chubb Son,CT Page 2431 Inc., 9 C.L.T. No. 17, p. 13 (Burns, J. D. Conn. 1982).
 We have examined those superior court decisions which have ruled that a private cause of action may be based directly on a violation of CUIPA. These include Sambuco v. Aetna Casualty Surety Co., 4 Conn. L. Rptr. 74 (May 4, 1991), Karazin, J.), Cecere v. EBI Indemnity Co., 2 Conn. L. Rptr. 520 (Oct. 1, 1990 Hammer, J.) and Thompson v. Aetna Casualty Co., 2 CSCR 648 (May 15, 1987, Satter, J.).
 Those cases conclude that a private cause of action may be implied under CUIPA, at least as it pertains to a directly insured plaintiff. They recognized that our Supreme Court in Mead v. Burns, 199 Conn. 651 (1986) in holding that C.G.S. 38a-816 (6) — then 38-61 (6) — required a litigant to prove more than a single act of misconduct to establish a claim of unfair insurance practices expressly declined to rule as to whether a private action could be brought under CUIPA. Mead determined, however, that it was possible to state a cause of action under CUTPA for a violation of CUIPA but characterized CUIPA as a penal statute requiring a construction "limiting rather than expanding civil liability."
We read the Mead decision as limiting the scope of CUIPA as far as private actions are concerned and are persuaded by the reasoning in Lees and Scheer, supra.
The undersigned agrees with the reasoning of Warner, Lees andScheer. There is no private cause of action provided under CUIPA and the plaintiffs have not alleged the pattern of unfair acts necessary to state a cause of action for a CUTPA violation.
Under both CUIPA and the common law duty of good faith and fair dealing the plaintiff must have a contractual relationship with the insurer. The duty of good faith and fair dealing is, "[e]ssentially . . . a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended." Magnan v. Anaconda Industries, Inc.,193 Conn. 558, 567, 479 A.2d 781 (1984) (Emphasis added.)
This court, Stanley, J., has addressed this issue inMcCormick v. New Hampshire Ins. Co., No. CV95-75615 (Mar. 13, 1996): CT Page 2432
 Although the appellate courts have not yet ruled on the issue of whether a cause of action for unfair settlement practices exists against an insurance company where the plaintiff is not an insured under its policy; see Mead v. Burns, supra, 199 Conn. 657 n. 5; a majority of Superior Court cases which have considered the issue have held that claims of unfair settlement practices can only be brought by an insured, and not a third party claimant. See, e.g., Webster v. U.S. Fidelity Guaranty Co., Superior Court, judicial district of Tolland at Rockville, Docket No. 51784 (March 21, 1995, Rittenband, J.); DeVillegas v. Quality Roofing Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 29419 (December 1, 1993, Freedman, J.); DeCormier v. Grange Mutual Casualty Co.
Superior Court, judicial district of New London, Docket No. 525835 (October 18, 1993, Hurley, J.); Richards v. Deaton, Superior Court, judicial district of Danbury, Docket No. 309417 (March 11, 1993, Fuller, J., 8 CSCR 362); Peterson v. Allstate Ins. Co., Superior Court, judicial district of Hartford New Britain at Hartford, Docket No. 9387142 (September 17, 1992, Hennessey, J., 7 CSCR 1183); State Vending Inc. v. Wells Fargo Alarm Services,
Superior Court, judicial district of Tolland at Rockville, Docket No. 45736 (April 3, 1992, McWeeny, J., 6 Conn. L. Rptr. 275); Wissler v. Papastavrou, Superior Court, judicial district of New Haven, Docket No. 278136 (June 12, 1990, Berdon, J., 5 CSCR 476); Taylor v. Nationwide Mutual Ins. Co., Superior Court, judicial district of Waterbury, Docket No. 72898 (June 22, 1988, McDonald, J., 3 CSCR 625); Kyle v. Aetna Life Casualty Co., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 324452 (April 22, 1988, O'Neill, J., 3 CSCR 443); Thompson v. Aetna Life Casualty Co.,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 308821 (May 15, 1987, Satter, 11 J., 2 CSCR 648). Some courts have indicated an intention to limit such a position, however, to instances in which a judgment has not already been rendered against the insured. See, e.g., Richards v. Deaton supra; Kyle v. Aetna Life Casualty Co. supra. In the present case, the plaintiff is not an insured of the defendant. In addition, the liability of the insured is an issue currently pending in a separate action in this court. Accordingly, the defendant's motion to strike the plaintiff's third amended complaint is granted.
CT Page 2433
This issue has also been address by this court, Hurley, J.,Decormier v. Grange Mutual Casualty Company, No. 525835 (Oct. 18, 1993):
 With regard to the first count, the plaintiff is not a contracting party with the defendant. The law is clear that only contracting parties may enforce the implied covenant of good faith and fair dealing. While a plaintiff may be in a position to recover a verdict which is in excess of the policy limits from an insurer of a defendant driver when the insurer has demonstrated bad faith in refusing to settle a claim within the policy limits she may not bring such action until after the verdict. In this case the action for bad faith is premature. A third party has no contractual right to claim bad faith at this time.
 The plaintiff does not allege that she is an insured or has any contractual relationship with the defendant. No Connecticut court has extended the implied covenant of fair dealing and good faith to parties who have not entered into a contractual relationship. The court, therefore, finds the plaintiff's first count is legally insufficient.
The undersigned concurs with the rationale of McCormick andDecormier. For the foregoing reasons, the Motion to Strike the Fifth Count of the Complaint is granted.
AURIGEMMA, J.