[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Mary Wiacek, brings this action in five counts.
In the first count, she alleges that payments are owed to her from the defendant, Safeco Insurance Company of America, Inc. (Safeco), pursuant to the underinsured motorist provision of her insurance policy.
The plaintiff claims that payment is due based upon personal injuries sustained in an automobile accident on October 24, 1994. CT Page 3512
The complaint further alleges that two insurance policies totaling $35,000 have been paid and exhausted on behalf of the responsible tortfeasor.
Therefore, a total of $65,000 of coverage is available to the plaintiff under the policy issued by the defendant, Safeco. The Safeco policy's coverage limit is $100,000.
In count two, the plaintiff seeks basic reparations benefits she claims are due her under the policy provisions.
Count three sounds in tort, and alleges that the defendant, Safeco, acted in bad faith, and breached the implied covenant of good faith and fair dealing by virtue of its settlement practices.
Counts four and five allege, in separate counts, violations of the Connecticut Unfair Insurance Practices Act (CUIPA), and the Connecticut Unfair Trade Practices Act (CUTPA).
The defendant moves to strike counts two, three, four and five for reasons explained in a memorandum dated November 17, 1997.
Plaintiff filed an objection to the motion to strike, along with a memorandum dated December 31, 1997.
The purpose of a motion to strike is to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142
(1989); McAnerney v. McAnerney, 165 Conn. 277, 282 (1973). If facts provable in the complaint would support a cause of action, the motion to strike must be denied. Waters v. Autuori,236 Conn. 820, 825-26 (1996).
In ruling on a motion to strike, the court must construe the facts alleged in a complaint in the light most favorable to the nonmoving party, in this instance, the plaintiff. Rowe v. Godou,209 Conn. 273, 278 (1988); Sheets v. Teddy's Frosted Foods, Inc.,179 Conn. 471, 472 (1980); Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170 (1988); Amodio v. Cunningham,182 Conn. 80, 82 (1980). It is limited by the facts alleged in the complaint. Cavallo v. Derby Savings Bank, 188 Conn. 281, 285-86
(1982). CT Page 3513
A motion to strike admits all well pleaded facts, although it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc.,196 Conn. 91, 108 (1985); Alarm Applications Co. v. SimsburyVolunteer Fire Co., 179 Conn. 541, 545 (1980).
COUNT THREE — BAD FAITH CLAIM
The plaintiff claims that the defendant breached the implied covenant of good faith and fair dealing in the five ways specified in paragraph 19 of the third count.
Connecticut recognizes an implied covenant of good faith and fair dealing in insurance contracts. Buckman v. People Express, Inc., 205 Conn. 166, 170 (1987).
When an insurer unreasonably and in bad faith withholds payment of the claim of its insured, it is subject to liability in tort. L. F. Pace Sons, Inc. v. Travelers Indemnity Co.,9 Conn. App. 30, 46 (1986).
The defendant claims, however, that the plaintiff's claim is premature, in that the responsibility of Safeco to make payments under the policy in question has yet to be determined.
In situations involving a tortfeasor's insurance company, it has been held that no cause of action arises against the insurer, so long as the claim is an unliquidated claim, and the liability of the insured tortfeasor remains unresolved. Kyle v. Aetna Life Casualty Co., 3 CSCR 443 (1988) (O'Connell, J.). An insurance company, in defending its insured, may contest both liability and damages, and a plaintiff should not be allowed to short circuit this process by claiming the insurer failed to settle a claim which is still unliquidated. Richards v. Deaton, 8 CSCR 362
(1993) (Fuller, J.).
The defendant argues that the same rule should apply where, as here, a claim of bad faith is made in the context of a claim for underinsured motorist benefits, by an insured, under her own policy.
The clear objective of underinsured motorist coverage is to give an insured who is injured in an accident the same resources he would have had if the tortfeasor had carried liability insurance equal to the amount of the insured's uninsured motorist CT Page 3514 coverage. Florestal v. Government Employees Ins. Co.,236 Conn. 299, 306 (1996).
A two step process is involved.
First, a plaintiff must prove that the tortfeasor's vehicle is uninsured. Second, the actual award to the insured must be separately calculated. Allstate Ins. Co. v. Link,35 Conn. App. 338, 342 (1994).
The purpose of underinsured motorist coverage is not to provide a greater recovery than would have been available from the tortfeasor, or to ensure that a claimant will be eligible to receive the maximum amount available under any applicable policy.Florestal, supra, 310; Smith v. Safeco Ins. Co. of America,225 Conn. 566, 573 (1993).
Here, two policies totaling $35,000 have been paid.
However, no determination has been made concerning the defendant's obligation to pay to the plaintiff any or all of the moneys remaining, after the limits of the two policies have been exhausted. The actual amount due the plaintiff, if any, is unliquidated, and in doubt.
When responding to a claim for uninsured or underinsured motorist coverage, the defendant insurance company stands in the shoes of the tortfeasor. The claimant brings a claim for underinsured motorist coverage seeking to enforce and satisfy against her own policy, rights she has against the tortfeasor.
There seems no reason to apply a different rule under these facts than would apply if a claim is brought against a tortfeasor's insurance company, while a claim remains unliquidated.
The defendant's motion to strike the third count should be granted.
 CUIPA AND CUTPA
The plaintiff, in paragraph 22 of count four, claims that the defendant, Safeco, committed "unfair and/or deceptive" acts or practices in violation of § 38a-815 et seq. of the Connecticut General Statutes. CT Page 3515
The same allegations are incorporated by reference in the fifth count, alleging a violation of the Connecticut Unfair Trade Practices Act (CUTPA).
A claim under the Connecticut Unfair Insurance Practices Act (CUIPA), predicated upon allegedly unfair claim settlement practices akin to those alleged by the plaintiff, requires proof that the unfair settlement practices were committed with such frequency as to constitute a general business practice. Mead v.Burns, 199 Conn. 651, 663-64 (1986).
To find the existence of an unfair claim settlement practice in violation of CUIPA and CUTPA, the complaint must contain an express allegation that the defendant's conduct constituted a general business practice. Mead, supra, 655; Quimby v. KimberlyClark Corporation, 28 Conn. App. 660, 672 (1992).
Paragraph 22c of both the fourth and fifth counts alleges a "general business practice" by the defendant, but qualifies and prefaces that allegation with the phrase "upon information and belief."
While a court, in ruling on a motion to strike must read a pleading in the light most favorable to the pleader, an allegation based upon "reasonable information and belief" is properly viewed as a legal conclusion, particularly when the plaintiff has made no attempt to plead facts establishing any other instance or instance, to demonstrate the frequency of the alleged CUIPA violation. Ciarleglio v. Fireman's Fund Ins. Co.,10 Conn. L. Rptr. 579 (1993) (Fuller, J.); Genovese Enterprisesv. Sphere Drake Ins., 17 Conn. L. Rptr. 557 (1996) (Pellegrino, J.).
Because a general business practice was not alleged regarding all subparagraphs of paragraph 22, only subparagraph c, and the qualifying phrase "upon information and belief" does not constitute an express allegation of a general business practice, counts four and five should also be stricken.
Although not called upon to decide the issue, should the plaintiff elect to replead counts four and five, the court believes that the better rule requires combining in a single count any alleged CUIPA and CUTPA violations. A CUIPA violation, standing alone, does not provide for a private right of action.Brothers v. American Home Assurance Co., 15 Conn. L. Rptr. 4
CT Page 3516 (1995) (Hartmere, J.); C M Technology Inc. v. Travelers Ins.Co., 14 Conn. L. Rptr. 32 (1998) (Stanley, J.).
Therefore, any alleged CUTPA claim arising out of a CUIPA violation should be contained in a single count.
The remaining count which the plaintiff seeks to strike, count two, involves a claim for basic reparations benefits under the defendant's policy of insurance.
That count states a valid cause of action for breach of contract.
The defendant's motion to strike count two of the plaintiff's complaint is DENIED.
The motion to strike, as it relates to counts three, four and five, is GRANTED.
Radcliffe, J.