[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
In this case the plaintiffs have brought suit against the defendant insurance company claiming they were covered under the terms of a policy issued by the defendant. The plaintiffs claim they are entitled to uninsured motorist benefits under the terms of the policy which provided for such benefits. They further claim the plaintiff's vehicle was struck by another vehicle driven by Todd Bishop and that Mr. Bishop was driving an uninsured car at the time of the accident.
The complaint contains three counts — the first two counts are for uninsured motorist benefits to compensate the plaintiffs for injuries they allegedly received in this accident as a result of Bishop's negligence. The third count is for the costs and expenses of the plaintiff Debra Zamary incurred because of the defendant insurer's bad faith refusal to settle the claim. CT Page 7331
The motion to strike is directed against the third count only. The argument is made that "a bad faith claim at this stage is premature as it does not accrue until the underlying issue of liability has been resolved." In the third count the plaintiffs allege the tortfeasor's responsibility for the accident; this suffices to present the defendant's argument to the effect that, because the claim as to liability is necessarily unresolved, the bad faith claim in the Third Count is premature.
The defendant insurer has cited several cases that stand for the proposition that a cause of action based on bad faith against an insurer "may not be maintained until the underlying suit is resolved."
There are apparently no Connecticut Appellate cases directly on point but Wiacek v. Safeco Insurance Co., Sup. Ct. Danbury, #379601 (1998) supports the defendant's position.
The defendant refers to cases in other jurisdictions.Blanchard v. State Farm Mutual Automobile Insurance Co.,575 So.2d 1289 (Fla, 1991) . . . "an insured's first party action for insurance benefits against the insurer necessarily must be resolved favorably to the insured before the cause of action for bad faith in settlement negotiations can accrue . . . Absent a determination of the existence of liability on the part of the uninsured tortfeasor and the extent of the piaintiff's damages a cause of action cannot exist for a bad faith failure to settle, id p. 1291 Also, cf Baxter v. Royal Indemnity Ins. Co., 285 So.2d 652
(Fla. 1973).
The defendant also cites Jackson v. State Farm MutualAutomobile Insurance Co., 196 Cal.Rptr. 474 (1983) which did not involve a bad faith claim against the plaintiff's own insurer but a third party claim by an injured party against the tortfeasor's insurer. There the court held that such a cause of action could be brought "upon the final conclusion of the suit establishing liability of the insured to the claimant," id. p 477. Also seeJenkins v. J.C. Penney Cas. Ins. Co., 280 S.E.2d 252 (W.Va., 1981). The Court in Kyle v. Aetna Life Casualty Co., 3 CSCR 443
(1988), reached a similar conclusion and held that such a third party claimant could not bring suit unless it was alleged and proved that the insured is legally responsible and that a final judgment has entered against the insured, id. p. 444. A similar case is Richards v. Deaton, 8 CONN. L. RPTR. 493,8 CSCR 362 (1993), where the plaintiff CT Page 7332 sued the tortfeasor and the tortfeasor's insurer on a bad faith claim in the same action. The court granted the motion to strike the bad faith claim against the insurer.
Jackson, Jenkins, Kyle and Richards present a peculiar problem, however. A third-party claim is made against a tortfeasor's insurer at a time when the underlying complaint against the insured tortfeasor is not resolved. In such a situation the insurer faces a dilemma. It still has a fiduciary duty to defend its insured but at the same time would be required to show its actions or posture in not settling with the third-party claimant did not show bad faith. That is a tight rope that an insurer should not be forced to walk and is not present in a case such as the one now before the court.
In any event, whether the plaintiff is a third-party claimant or the insured suing his or her company for uninsured benefits and on a bad faith theory the equities of granting or denying a motion to strike a bad faith claim are not determined by the nature of the insurance contract relationship between the plaintiff and the defendant but turn more on questions of procedural fairness.
Thus even in a case like Jenkins which involved a situation where the court barred a bad faith claim against the insurer while an underlying tort claim brought by the third party against the insured tortfeasor remained pending, the West Virginia Supreme Court did not make its decision turn on lack of standing, jurisdictional issues or the intrinsic nature of the insurance relationship. The Court said in footnote 11 at 280 S.E.2d page 259 that "Even though it would be procedurally possible to combine the statutory cause of action (bad faith claim) with the underlying tort claim, we decline to permit this procedure in light of our traditional rule that forecloses reference to liability insurance in personal injury and related actions because of possible prejudicial impact on the jury." Where there is a claim against the company for uninsured motorist benefits as here, the company is necessarily identified as a party.
Judge Levin in Khanthavong v. Allstate Insurance Co., 18 CONN. L. RPTR. 304, 306 (1997) convincingly explained why a motion to strike such as the one filed here should be denied and why liberal procedural practice should permit such a bad faith claim even though the claim for uninsured motorist benefits has not been resolved. CT Page 7333
 While in many cases legal liability may have to be determined by a judge or jury, our practice permits a party to assert a claim which is contingent on the disposition of another claim. Such claims typically are in the nature of indemnification, apportionment or contribution, to set aside a fraudulent conveyance, and to reclaim assets of an estate necessary for the payment of a debt from those to whom the assets have been wrongfully distributed. . . . . However, there is no existing reason in our substantive or procedural law that would require a victim of a breach of a contractual covenant of good faith and fair dealing or a CUTPA/CUIPA violation, after establishing an underlying breach of contract following years of litigation, to institute a new law suit and be delayed additional years to be made whole "[T]he general policy of our law . . .favors as far as possible the litigation of related controversies in one action. . . ." Veits v. Hartford, 134 Conn. 428, 436 (1948).
Judge Levin went on to note that such bad faith claims can themselves be brought in bad faith to "up the ante at pretrial and trial and increase burdens of discovery. But that is a possibility whenever any litigation gets more complex and as Judge Levin noted some of these difficulties can be addressed through application of PB 10-21 (§ 133) and PB 15-1 (§ 283) by bifurcation procedure. He further ordered discovery procedure as to the bad faith count be deferred until after the trial of the uninsured motorist action. This court does not see the need to adopt such blanket rules in all cases of this type and will only enter such orders or consider such matters on request of counsel after hearing.
In any event the motion to strike is denied.
CORRADINO, J.