[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION OF MOTIONS TO STRIKE (#118 130)
The operative complaint is the Amended Complaint dated November 8, 1999 (#115). The plaintiff, Derby Thoby, is seeking personal injury damages in the First Count against the defendant based on an uninsured motorist claim. The plaintiff, Carline Aristhene, is seeking personal injury damages in the Second Count against the defendant based on an uninsured motorist claim. These two counts are identical to the only two counts in the original complaint dated December 7, 2000 (sic. 1999). The defendant's Answer dated April 19, 1999 (#109) addressed each and every CT Page 7856 allegation of the original complaint and the current allegations in the First and Second Count of the Amended Complaint dated November 8, 1999. The five special defenses filed with said Answer are equally applicable. Both plaintiffs filed a Reply on April 26, 1999 thus closing the pleadings. A Certificate of Closed Pleadings was filed on April 26, 1999. The matter was properly and timely claimed for a Jury trial on April 20, 1999.
The court finds: (1) the pleadings as to the First and Second Count of the Amended Complaint dated November 8, 1999 are closed, (2) the Answer and Special Defenses dated April 19, 1999 is "regarded as applicable" to the Amended Complaint pursuant to P.B. 10-61 and (3) the matter may be tried to the jury as soon as reached with jury selection to begin upon proper notice.
The court, sua sponte, hereby bifurcates the trial on the First and Second Count from all other counts. P.B. 10-21; P.B. 15-1; Zamary v.AllState Insurance Company, Superior Court, judicial district of Ansonia/Milford at Milford, Docket Number CV 97-058618 S (June 10, 1998,Corradino, J.), 22 CLR 317, 1998 Ct. Sup. 7330 ("such a cause of action could be brought upon the final conclusion of the suit establishing liability of the insured to the claimant.")
The defendants' two Motions To Strike dated December 6, 1999 (#118) and June 6, 2002 (#130) are marked ready before the undersigned. The parties must file a Memorandum of Law addressing the following issues:
 (1) Provide a complete copy of the insurance policy issued to Irlande Saint-Hilaire policy #5543968050 that the entire policy, declaration sheet and all endorsements are part of the file.
 (2) Both parties certify that said policy is complete and was in effect on December 12, 1997.
 (3) Are the plaintiffs names contained in said policy and, if so, cite the sections?
 (4) Are the plaintiffs "named insureds" under said policy and, if so, cite the sections?
 (5) Does a third party claimant, not a "named insured" in said policy, have standing to raise a claim of breach of the duty of good faith and fair dealing, as well as CUIPA and CUTPA?
(6) Does a third party claimant, not named in said policy, have standing to raise a claim of breach of the duty of good faith and CT Page 7857 fair dealing as well as CUIPA and CUTPA?
 (7) What specific factual allegations are needed to support a claim of breach of the duty of good faith and fair dealing? For example, see Ryan v. Allstate Indemnity Company, Superior Court, judicial district of Stamford/Norwalk, Docket Number CV 95-0142573 (October 22, 1998, D'Andrea, J.), 23 CLR 322, 1998 Ct. Sup. 11885.
 (8) What specific factual allegations are needed to support a "general business practice" under CUTPA? See Jones v. Safeco Insurance Company of Illinois, Superior Court, judicial district of Fairfield at Bridgeport, (April 28, 1999, Melville, J.), 1999 Ct. Sup. 4284.
 (9) Is the trial court's jury instruction in Buckman v. People Express, Inc., 205 Conn. 166, 171 (1981) the correct law on the breach of the implied covenant of good faith and fair dealing in insurance policy cases?
 (10) Are paragraphs 18a, b and c sufficient allegations of a breach of the covenant of good faith and fair dealing?
The parties will simultaneously file such memorandum of law by July 30, 2002 with a courtesy copy to the undersigned. Copies of all unreported cases will be attached to the memorandum. In the event rebuttal memorandum is needed, they will be filed by August 15, 2002 with courtesy copies to the undersigned. Case Flow will notify all counsel when the Motions To Strike (#118 and #130) will be assigned to the undersigned for short calendar argument.
BY THE COURT
 ___________________ TIERNEY, J.
CT Page 7858