[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE NO. 113
On September 27, 1996, the plaintiffs, Norma and Aida Serrano, filed a two-count complaint against the defendant, Allstate Insurance Co. (Allstate). The plaintiffs allege that Norma Serrano, while operating a motor vehicle owned by her husband and occupied by Aida Serrano on State Street in Bridgeport, was struck by an uninsured vehicle operated by Fernando Rojas, causing the plaintiffs to be injured. The plaintiffs further allege that Allstate is liable to pay all of the damages they suffered as a result of Rojas' negligence pursuant to the terms of an uninsured motorist policy the plaintiffs have with Allstate. On December 16, 1997, the plaintiffs filed two additional causes of action against Allstate. In count three, the plaintiffs bring a bad faith claim against Allstate. In count four, the plaintiffs bring a claim under the Connecticut Unfair Trade Practices Act (CUTPA).
On January 7, 1998, Allstate filed a motion to strike the third and fourth counts of the plaintiffs' complaint, on the grounds that the plaintiffs have misjoined the bad faith and CUIPA/CUTPA claims, and that the claims made in counts three and four are premature. The plaintiffs filed an objection to the motion to strike on January 20, 1998.[1] The matter was heard by the court on January 26, 1998.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Faulknerv. United Technologies Corp., 240 Conn. 576,580, 693 A.2d 293 (1997).
A. Joinder of Claims
Allstate argues that the plaintiffs have alleged causes of action which may not be joined in a single complaint under CT Page 4453 Practice Book § 133. Allstate argues that the causes of action for breach of contract in counts one and two cannot be joined with the bad faith action in count three, citing Florida law.
"A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief." (Internal quotation marks omitted.) Barrett v. Danbury Hospital, 232 Conn. 242,263-64, 654 A.2d 748 (1995). "Transactions connected with the same subject of action within the meaning of subdivision (7) of Sec. 133,[2] may include any transactions which grew out of the subject matter in regard to which the controversy has arisen. . . ." Khanthavong v. Allstate Ins. Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 328574 (January 24, 1996) (Levin, J.) (18 CONN. L. RPTR. 304, 307). Causes of action on the insurance policy for uninsured motorist benefits, breach of the implied covenant of good faith and fair dealing and CUIPA/CUTPA are "connected with the same subject of action . . . the plaintiffs' claims for underinsured motorist benefits on the policy. The latter two causes of action grew out of the subject matter in regard to which the controversy has arisen. . . .' The plaintiffs' claims are not improperly joined."Id.
B. Claims Are Pre-Mature
Allstate argues that the attempted joinder of the bad faith claim is premature, and a bad faith cause of action does not lie until the underlying issue of liability has been determined. Allstate further argues that the inclusion of the bad faith claim in an action requesting the determination of uninsured motorist benefits is designed to prejudice and confuse the finder of fact. Allstate also argues that until the issue of underlying liability is resolved, and it is determined that the plaintiffs are entitled to benefits, the plaintiffs have no cause of action for bad faith.
In Khanthavong v. Allstate Ins. Co., supra, 18 CONN. L. RPTR. 307, the court observed that "[a] rule precluding insurer liability for bad faith where the issue of liability has not been resolved is appropriate in those states where an insured is required to secure a judgment against the uninsured motorist before being entitled to uninsured motorist benefits. . . . In Connecticut, there is no requirement that a claimant who seeks CT Page 4454 uninsured motorist benefits must first obtain a judgment against the tortfeasor. . . . [T]here is no existing reason in our substantive or procedural law that would require a victim of a breach of a contractual covenant of good faith and fair dealing or a CUTPA/CUIPA violation, after establishing an underlying breach of contract following years of litigation, to institute a new law suit and be delayed additional years to be made whole. [T]he general policy of our law . . . favors as far as possible the litigation of related controversies in one action. . . ."Id., 307-08. The court concluded that the plaintiffs' claims for bad faith and CUIPA/CUTPA violations were not legally insufficient because the defendant had not yet been adjudicated liable for uninsured motorist benefits. The court noted that the possible prejudice to the defendant could be addressed by bifurcating the trial and partially deferring discovery. Id., 308.
Based upon the reasoning of Khanthavong, the plaintiffs' bad faith and CUIPA/CUTPA claims are neither improperly joined with the underlying breach of contract claim, nor have they been brought prematurely. Therefore, the motion to strike counts three and four of the complaint is denied on these grounds.
C. CUIPA/CUTPA
Allstate has also moved to strike count four on the ground that it is legally insufficient. In count four, the plaintiffs have alleged a violation of CUTPA based on unfair settlement practices under CUIPA, General Statutes § 36a-816 (6)(d) and (f).[3] Allstate argues that the plaintiffs must allege more than a single instance of misconduct on the part of Allstate in order to maintain a cause of action under CUTPA. The plaintiffs argue that a single act may serve as a basis of a CUTPA claim, and that as a remedial statute, CUTPA should be liberally construed.
"Looking to the statute as a whole . . . claims of unfair settlement practices under CUIPA require a showing of more than a single act of insurance misconduct." Mead v. Burns,199 Conn. 651, 659, 509 A.2d 11 (1986). See Sanon v. Sedgewick James of NewYork, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 339158 (May 23, 1997) (Skolnick, J.) (isolated instances of unfair insurance settlement practices are not so violative of the public policy of this state as to warrant statutory intervention); Allessa v. Allstate Ins. Co., Superior CT Page 4455 Court, judicial district of Ansonia/Milford at Milford, Docket No. 050505 (November 7, 1995) (Skolnick, J.) (the plaintiff must prove that the defendant committed the alleged acts with such frequency as to indicate a general business practice).
Here, the plaintiffs' CUTPA claim is based on a violation of CUIPA's prohibition of unfair settlement practices. However, the plaintiffs have failed to allege more than a single act to demonstrate the existence of a general business practice. Therefore, the motion to strike count four of the complaint is granted.
Accordingly, Allstate's motion to strike count three is denied and is granted as to count four.
SKOLNICK, J.