[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In these consolidated cases the plaintiff Taconic Data Corporation (Taconic) challenges the fee requested by town clerks in seven Connecticut towns; Groton, Suffield, Ledyard, Bozrah, Griswold, Lisbon, and Stonington; for electronic copies of the grantor/grantee land records index. The town clerks calculated the content of the electronic diskette as if produced on paper, and charged a corresponding $1.00 per page fee. The Freedom of Information Commission (FOIC), after a contested case hearing, dismissed Taconic's complaint. Taconic appeals pursuant to General Statutes § 1-21 (d) and the Uniform Administrative Procedure Act (UAPA), General Statutes §§ 4.166, et seq., § 4-183.
The town parties to this action, like nearly all Connecticut towns, contract with a private company to computer index their land records. The land records are thus maintained in paper format by the town clerks and in electronic format by the computer service provider. Taconic requested the records in electronic format.
Section 1-19a (b) of the Freedom of Information Act (FOIA) addresses public records in electronic format:
 Except as otherwise provided by state statute, no public agency shall enter into a contract with or otherwise obligate itself to, any person if such contract or obligation impairs the right of the public under this chapter to inspect or copy the agency's nonexempt public records existing on-line in, or stored on a device or medium used in connection with, a computer system CT Page 7299 owned, leased or otherwise used by the agency in the course of its governmental functions.
Section 1-19a (a) addresses the cost of a copy of such records by reference to § 1-15. "Except as otherwise provided by state statute, the cost for providing a copy of such . . . data . . . shall be in accordance with the provisions of section 1-15."
In pertinent part § 1-15 (b) provides: "The fee for any copy provided in accordance with subsection (a) of section 1-19a shall not exceed the cost thereof to the public agency."
It is not disputed that the $1.00 a page fee is not related to the towns costs in copying the diskettes. For example, the Groton index diskette cost over $9,000 at the per page fee. The actual cost of copying would be, at most, a few hundred dollars.
The town clerks in these cases did not base their charge on their costs, but on their statutory fee set forth in § 7-34a
(a).[1]
The FOIC determined that § 7-34a (a) pursuant to § 1-19a (a) superseded the copying fee provisions set forth in §1-15. This is the dispositive issue in the case and presents a pure question of law.
The statutory exemptions at issue have not been previously subjected to judicial review. Thus the deference normally afforded an agency's statutory construction is not applicable.Connecticut Light Power v. Texas-Ohio Power,Inc., 243 Conn. 635, 644 (1998); Assn. of Not-for-ProfitProviders for the Aging v. Dept. of Social Services,244 Conn. 378, 389 (1998).
There is no question that Taconic was entitled under § 1-19a (a) to the documents in electronic format.[2] The town clerks did in fact have such copies made on diskettes. The sole issue relates to the cost of the diskette to the public. Is it to be calculated based on the actual cost to the town under §1-15, or is the cost to be calculated pursuant to § 7-34. Stated in another way, does 7-34a(a) govern the cost of providing copies of electronically stored data. The court finds that §7-34a (a) does not relate to a town's obligation to provide copies of electronically stored data; and thus sustains the plaintiff's appeal. CT Page 7300
The plaintiff demonstrated at the FOIC hearing that it was requesting electronic data; it was not interested in a printout of the documents. The focus on the request is suggested by the language of § 1-19a (a), "medium requested by that person."
Prior to the enactment of Public Act 91-347, § 1-19a required only that: "Any public agency which maintains its records in a computer storage system shall provide a printout of any data properly identified." The 1991 amendment added the obligation to provide this nonexempt data in "disk, tape or any other electronic storage device or medium requested by that person. . . ."
Connecticut courts are obligated to interpret statutes in a manner which will reconcile various statutes. In this spirit the court views § 7-34a (a) as controlling as to paper copies, but inapplicable to electronic data requests. Section 7-34a (a) is completely silent as to "disk, tape or any other electronic storage medium." Section 1-15 specifically contemplates the cost of providing such data.
"In matters of statutory interpretation, we are guided by well established principles, paramount among which is the principle that our fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement and to its relationship to existing legislation and common law principles governing the same general subject matter. . . ." (Citations omitted; internal quotation marks omitted.) Assn. of Not-for-Profit Providers for the Agingv. Dept. of Social Services, supra, 244 Conn. 391.[3]
"The Freedom of Information Act expresses a strong public policy in favor of the open conduct of government and free public access to government records." Wilson v. FOIC, 181 Conn. 324,328-29 (1980). Allowing the town clerks to charge thousands of dollars more than their costs in providing a copy of an electronic disk containing public information is highly offensive to this "strong public policy" of "free public access to government records." The information in electronic disk format is available as a matter of right. There is no evidence to support the claim that § 7-34a (a) expresses a stronger public policy CT Page 7301 regarding town clerks', or towns', income. The contrary priority of policy is reflected in Glastonbury v. Freedom of InformationCommission, 234 Conn. 704, 714 (1995), which held: "[a]lthough the legislature's narrowly tailored approach to the FOIA exclusions and exemptions may add a layer of complexity to agency administration, the legislature implicitly has decided that the associated costs are outweighed by the benefits derived from open government."
In this case, this court is asked to countenance a scenario where the public agency will not only meet its cost of providing public records, but insists on a profit of over 1,000%.
Sections 1-15 and 1-19 are provisions of the FOIA. "The general rule under the Freedom of Information Act is disclosure with exceptions to the rule being narrowly construed." New Havenv. FOIC, 205 Conn. 767, 774 (1988); Superintendent v. FOIC,222 Conn. 621, 626 (1992); Perkins v. FOIC, 228 Conn. 158, 167
(1993).
Section 7-34a (a) is an exception to the FOIA, and must thus be narrowly and strictly construed. Limiting its application to paper copies gives full expression to the statutory language and carries out the strong public policy of free (or no more than cost) access to public records.
The plaintiffs' appeals are sustained. The cases are remanded to the FOIC pursuant to § 4-183 (j) for further proceedings consistent with this decision. The fee to the plaintiff for copies of the grantor/grantee indexes in electronic format may not exceed the towns' reasonable costs in providing the copies in that format.
ROBERT F. McWEENY, J.