[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 139)
On July 15, 1998, the plaintiff, Joseph Braca (Braca), filed a three-count amended complaint against the defendants, Cigna Insurance Company, Inc. (Cigna), ESIS, Inc. (ESIS) and Sikorsky Aircraft Corporation (Sikorsky). This action arises out of an injury allegedly incurred by Braca during the course of his employment with Sikorsky.
In count one, Braca alleges that Cigna, ESIS and Sikorsky failed to provide workers' compensation benefits to him for the injury he suffered. In count two and count three respectively, Braca alleges that the aforementioned failure to pay workers' compensation benefits constitutes an unfair insurance practice in violation of General Statutes § 38a-815[1] et seq. (CUIPA) and an unfair business practice in violation of General Statutes § 42-110[2] et seq. (CUTPA)
On December 1, 1998, ESIS moved to strike counts two and three of the complaint. Braca objected.
ESIS moves to strike count two on the ground that CUIPA does not provide a private right of action for a violation of its provisions. Braca argues that CUIPA provides a private cause of action for a violation of its provisions. This court has previously agreed with the majority of superior courts which hold that there is no private cause of action under CUIPA. SeeBurnside v. Nationwide Mutual Ins. Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 343068 (September 18, 1997, Melville, J.); DelMastro v. Hartford Life AccidentIns., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 336201 (April 8, 1997, Melville, J.) Accordingly, defendant's motion to strike count two is herebygranted.
ESIS also moves to strike count three on the ground that Braca has failed to plead sufficient facts to support the claim of an unfair, general business practice. Specifically, ESIS CT Page 3895 argues that the CUTPA claim is insufficient because it is based on a violation of CUIPA but alleges only one incident. Braca argues that he does not have to allege a general business practice because the "general business practice" requirement only applies to subsection (6) of General Statutes § 38a-816, and here he has also alleged a violation of subsection (15) of General Statutes § 38a-816.
"[A] CUTPA claim based on an alleged unfair settlement practice prohibited by [§] 38a-816 (6) [requires] proof, as under CUIPA, that the unfair settlement practice [has] been committed or performed by the defendant with such frequency as to indicate a general business practice." (Internal question marks omitted.) Lees v. Middlesex Ins. Co., 229 Conn. 842, 850,643 A.2d 1282 (1994).[3] On the other hand, General Statutes §38a-816 (15) provides: "Failure to pay accident and health claims within forty-five days of receipt by an insurer of the claimant's proof of loss form unless the Insurance Commissioner determines that a legitimate dispute exists as to coverage, liability or damages or that the claimant has fraudulently caused or contributed to the loss. . . . ", but does not contain a requirement that the conduct occur "with such frequency as to indicate a general business practice." Pierce v. Aetna Life Ins.Co., Superior Court, judicial district of Tolland at Rockville, Docket No. 63296 (March 24, 1998, Sullivan, J.). As a result, there is no need to allege more than one incident for a claim under § 38a-316 (15). See also King v. Ehorn, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 044381 (November 17, 1993, Rush, J.) (10 Conn. L. Rptr. 356, 357-58) (holding that where asserting claims under both § 38a-816
(a) and § 38a-816 (6), plaintiff need not allege multiple acts or general business practice despite fact that claim under § 38a-816 (6), by itself, would require allegations of general business practice).
Here, in counts two and three, Braca alleges that the actions of the defendants constitute "unfair insurance claim settlement practices in violation of Connecticut General Statutes §38a-815, 38a-816 (6) . . . and 38a-816 (15)." (Counts two and Three, para. 13.) Because Braca alleges a violation of § 38a-816
(15), he need not allege multiple acts or general business practices by ESIS despite the fact that a claim under §38a-816 (6), by itself, would require allegations of a general business practice. See, e.g., Pierce v. Aetna Life Ins. Co.,
supra, Superior Court, Docket no. 63296; King v. Ehorn, supra,10 Conn. L. Rptr. 356. CT Page 3896
Accordingly, defendant ESIS's motion to strike count three is hereby denied.
MELVILLE, J.