[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 102)
On October 23, 1998, the plaintiff, Carmen Jones, filed a complaint against the defendant, Safeco Insurance Company of Illinois. The plaintiff alleges the following facts. On December 24, 1996, the plaintiff was operating her motor vehicle when it was struck by another motor vehicle. The driver of the other motor vehicle left the scene. At the time of the aforementioned accident, the plaintiff had a contract with the defendant for uninsured and underinsured automobile insurance.
In count one, the plaintiff seeks uninsured motorist benefits pursuant to the insurance contract between the plaintiff and the defendant. In counts two through six respectively, the plaintiff alleges breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary relationship, violation of the Connecticut Unfair Insurance Practices Act (CUIPA) and violation of the Connecticut Unfair Trade and Practices Act (CUTPA).
On November 20, 1998, the defendant filed a motion to strike counts two through six of the plaintiff's complaint, accompanied by a supporting memorandum of law. The plaintiff filed a timely memorandum of law in opposition thereto.
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Peter-Michael, Inc. v. SeaShell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). A motion to strike does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Holler v. BuckleyBroadcasting Corp. , 47 Conn. App. 764, 768, 706 A.2d 1379 (1998). In determining the sufficiency of a motion to strike, "the court is limited to the facts alleged in the complaint." Faulkner v.United Technologies Corp. , 240 Conn. 576, 580, 693 A.2d 293
(1997). The facts alleged in the complaint must be construed in a light most favorable to the pleader, RK Constructors, Inc. v.Fusco Corp. , 231 Conn. 381, 384, 650 A.2d 153 (1994), and, if facts provable in the complaint would support a cause of action, the motion to strike must be denied. Faulkner v. UnitedTechnologies Corp. , supra, 580.
The defendant moves to strike counts two through six of the plaintiff's complaint on the basis that the counts are premature and improper prior to the resolution of the underlying uninsured motorist claim. The defendant argues that the plaintiff must CT Page 4286 first prove that she is entitled to uninsured motorist benefits by showing that a third party's negligence was a proximate cause of the accident and that the third party had no insurance.
The plaintiff contends that she is not required to wait for the resolution of the underlying claim prior to bringing claims for breach of contract, bad faith, breach of fiduciary relationship, CUIPA and CUTPA. The plaintiff argues that it would be prejudicial to have her await the outcome of her uninsured motorist claim against her own insured before instituting related claims for breach of contract, bad faith, breach of fiduciary relationship, CUIPA and CUTPA.
There are apparently no Connecticut Appellate cases directly on point concerning the issue of whether a cause of action for bad faith, CUPTA and CUIPA may be maintained prior to resolving the underlying action. Zamary v. Allstate Ins. Co., Superior Court, judicial district of Ansonia/Milford at Milford Docket No. 58618 (June 10, 1998, Corradino, J.) (22 Conn. L. Rptr. 317, 317). There is a split of authority within the Superior Court.
In Khanthavong v. Allstate Ins. Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 328574 (January 24, 1996, Levin, J.) (18 Conn. L. Rptr. 304, 307), the court observed that:
 In Connecticut, there is no requirement that a claimant who seeks uninsured motorist benefits must first obtain a judgment against the tortfeasor. . . . [T]here is no existing reason in our substantive or procedural law that would require a victim of a breach of a contractual covenant of good faith and fair dealing or a CUTPA/CUIPA violation, after establishing an underlying breach of contract following years of litigation, to institute a new law suit and be delayed additional years to be made whole. [T]he general policy of our law . . . favors as far as possible the litigation of related controversies in one action." (Citations omitted; internal quotation marks omitted.) Id., 308.
The court in Khanthavong concluded that the plaintiffs' claims for bad faith and CUIPA/CUTPA violations were not legally insufficient because the defendant had not yet been adjudicated liable for uninsured motorist benefits. Id.; see also Zamary v.CT Page 4287Allstate Ins. Co., supra, 22 Conn. L. Rptr. 318 (denying motion to strike bad faith claim even though claim for uninsured motorist benefits not resolved yet); Serrano v. Allstate Ins.Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 336691 (April 17, 1998, Skolnick, J.) (21 Conn. L. Rptr. 689, 690) (denying motion to strike counts sounding in bad faith and CUIPA/CUTPA on basis that they are premature); Teran v. Allstate Ins. Co., Superior Court, judicial district of Fairfield, Docket No. 337206 (December 13, 1996,Levin, J.) (denying motion to strike count sounding in bad faith on basis that it is premature); but see Wiacek v. Safeco Ins. Co.of America, Superior Court, judicial district of Danbury, Docket No. 329601 (March 31, 1998, Radcliffe, J.) (granting motion to strike bad faith claim because claim is premature in that the liability of the insurer to make payments is unresolved).
This court finds the logic of the Khanthavong decision more persuasive. Accordingly, the defendant's motion to strike counts two, three and four is hereby denied on the ground that it is premature.
The defendant also moves to strike counts five and six, the CUIPA and CUTPA claims respectively, on the ground that the plaintiff has failed to allege acts constituting a general business practice. The plaintiff contends that paragraph twenty of counts five and six sufficiently alleges that the defendant's acts constituted a general business practice.
General Statutes § 38a-816 (6) prohibits unfair claim settlement practices. Under this section of CUIPA, the claimant must allege and prove facts sufficient to show that the insurer was committing or performing certain specified acts with such frequency as to indicate a general business practice. HeymanAssociates No. 1 v. Insurance Co. of Pennsylvania, 231 Conn. 756,796, 653 A.2d 122 (1995). In requiring proof that the insurer has engaged in unfair claim settlement practices with such frequency as to indicate a general business practice, the legislature has manifested a clear intent to exempt from coverage under CUIPA isolated instances of insurer misconduct. Lees v. Middlesex Ins.Co., 229 Conn. 842, 849, 643 A.2d 1282 (1994). Moreover, a CUTPA claim based on an alleged unfair claim settlement practice prohibited by General Statutes § 38a-816 (6) requires proof, as under CUIPA, that the unfair settlement practice had been committed or performed with such frequency as to indicate a general business practice. Id., 850. CT Page 4288
In Norton v. Metropolitan Property Casualty, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 158192 (November 14, 1997, Mintz, J.), the plaintiff's claim arose out of a single automobile accident. The plaintiff plead the "magic words of the relevant statute, however, the gravamen of the complaint is that the defendant unfairly failed to settle her claim, and her claim alone." (Internal quotation marks omitted.) Id. The plaintiff further plead that "the defendant has engaged in such unfair . . . practices with insureds other than [the plaintiff]." (Internal quotation marks omitted.) Id. The court held that this was a legal conclusion that it would not consider when deciding a motion to strike. Id.
Here, the plaintiff's case arises out of a single automobile collision. The plaintiff alleges only a failure to settle her claim. The plaintiff's allegations in paragraph twenty, that the defendant's conduct "is a general business practice", is a mere legal conclusion. A motion to strike is properly granted if a complaint alleges mere legal conclusions. See Novametrix MedicalSystems v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992).
Because the plaintiff's allegations of a general business practice are mere legal conclusions and the plaintiff has failed to allege sufficient facts to support same, she has failed to state a cause of action for violations of CUIPA and CUTPA. Accordingly, the defendant's motion to strike counts five and six is hereby granted.
MELVILLE, J.