[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 105)
On September 7, 1998, the plaintiff, Camille Palmer, was CT Page 1133 involved in an automobile accident with an unidentified, uninsured motorist. (Amended Complaint, ¶¶ 5-7.) Palmer was allegedly not at fault in this collision. (Amended Complaint, ¶ 8.) Palmer was driving a vehicle owed by Antonio T. Perez when the accident occurred. (Amended Complaint, ¶ 4.) The vehicle owned by Perez was insured with the defendant, Allstate Indemnity Company (Allstate), at the time of the accident. (Amended Complaint, ¶ 2.) Palmer was allegedly the "insured" under the terms of this policy, at the time of the accident. (Amended Complaint, ¶ 3.)
After more than a year, Allstate has still failed to settle this claim with the plaintiff; (Amended Complaint, ¶ 14); and, in fact, is still contesting the legitimacy of the claim. (Defendant's Memorandum, p. 1.) The defendant claims that "no determination has been made by Allstate as to whether the plaintiff is entitled to coverage, and if so, the amount thereof."[1] (Defendant's Memorandum, p. 1.) By way of a five-count complaint dated October 13, 1999, the plaintiff alleges breach of contract (count one), bad faith (count two) negligence (count three), a violation of the Connecticut Unfair Trade Practices Act (CUTPA) (count four) and intentional infliction of emotional distress (count five). Allstate moves to strike counts two, three, four and five on the ground that the counts fail to state a cause of action.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994); see also Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [plaintiff has] stated a legally sufficient cause of action." Napoletano v. CIGNA Healthcare of Connecticut, Inc.,238 Conn. 216, 232-33, 680 A.2d 127 (1996).
 I.
The defendant asserts, as to each count addressed in its motion, that the complaint is prematurely brought. The defendant CT Page 1134 contends that the "same analysis applies to each of the [four] counts the defendant is seeking to have stricken, as each, in effect, arises from a claim of failure to properly settle a claim." (Defendant's Memorandum, p. 3.) This analysis is summed up thusly: until the obligation of the insurance company to the plaintiff is determined, no claim for bad faith, intentional infliction of emotional distress, CUTPA violations, or negligence can be maintained. Such analysis is not correct.
Construed in favor of the plaintiff, the amended complaint more than sufficiently states causes of action in each of the counts. Further, the counts are not prematurely brought, as this court has previously held that the determination of liability and tangential claims for bad faith, intentional infliction of emotional distress, CUTPA violations, and negligence are properly brought in concert with one another. Serrano v. Allstate, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 336691 (April 17, 1998, Skolnick, J.) (21 Conn. L. Rptr. 689). "While in many cases legal liability may have to be determined by a judge or jury, our practice permits a party to assert a claim which is contingent on the disposition of another claim." Khanthavong v. Allstate Ins. Co., Superior Court, judicial district of Fairfield at Fairfield, Docket No. 324502 (December 3, 1996, Levin, J.) (18 Conn. L. Rptr. 304).
In Khanthavong v. Allstate Ins. Co., supra,18 Conn. L. Rptr. 304, the court reasoned that actions in contract and tort could be brought together in one complaint if the causes of action arose out of the same transaction or occurrence. The court relied on Practice Book § 133 (now § 10-21(7)) which allows for the joinder of claims under specific circumstances. Because the counts alleged by the plaintiff herein arise out of the same set of operative facts, namely, her car accident and Allstate's subsequent refusal to pay on her claim, the counts are properly joined, and not prematurely brought, in one complaint.
 II.
Secondary to the prematurity argument, the defendant asserts that the claims for bad faith and intentional infliction of emotional distress should be stricken for the additional reason that, as alleged, each fails to state a claim upon which relief can be granted and is legally insufficient. The court will deal with each count in turn. CT Page 1135
The plaintiff contends that adequate allegations were made in the amended complaint to sufficiently support a claim for bad faith. The plaintiff did, in fact, make allegations which, taken as true, amount to bad faith on the part on the defendant.[2]
"Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement. . . . Bad faith means more than mere negligence; it involves a dishonest purpose." (Citation omitted; internal quotation marks omitted.) Gutpa v. New Britain General Hospital,239 Conn. 574, 598, 687 A.2d 111 (1996). "Neglect or refusal to fulfill a contractual obligation can be bad faith only if prompted by an interested or sinister motive." Feinberg v.Berglewicz, 32 Conn. App. 857, 862, 632 A.2d 709 (1993).
In paragraph fifteen of the amended complaint, the plaintiff outlines exactly what actions have been taken by the defendant. The plaintiff then states in paragraph sixteen that "[a]s a direct and proximate result of the defendant's aforementioned bad faith conduct, which has been engaged in by the defendant for the purpose of unreasonably delaying the inevitable settlement of the plaintiff's uninsured motorist claims when the settlement value of the same is reasonably clear and/or to cause the plaintiff to sustain further economic and emotional injuries in order to coerce her into accepting an unreasonably low settlement offer, plaintiff has suffered, and will continue to suffer, substantial monetary losses and damages." Taken as true, as required when considering a motion to strike, this allegation amounts, at the very least, to an interested motive. Therefore, count two states a claim upon which relief can be granted and is not legally insufficient.
 III.
The defendant also asserts that the intentional infliction of emotional distress count should be stricken for the secondary reason that it fails to state a claim for which relief can be granted and is insufficient as a matter of law. The plaintiff maintains that the allegations, as stated, are adequate as a matter of law.
"`[F]or the plaintiff to prevail in a case for liability under . . . [the intentional infliction of emotional distress], four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or CT Page 1136 should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. Hiers v. Cohen, 31 Conn. Sup. 305,329 A.2d 609 (1973); 1 Restatement (Second), Torts § 46. Petyan v. Ellis, [200 Conn. 243, 253, 510 A.2d 1337 (1986)], quoting Murray v.Bridgeport Hospital, 40 Conn. Sup. 56, 62, 480 A.2d 610 1984).'"Bell v. Board of Education, 55 Conn. App. 400, 409, ___ A.2d ___ (1999).
In paragraph fifteen of count five the plaintiff alleges, in relevant part, the following: "The defendant, Allstate Indemnity Company, in an attempt to coerce the plaintiff into reducing her settlement demands and into accepting its settlement offers, has engaged in . . . acts and practices specifically designed tocause, and which have caused the plaintiff to suffer emotional distress and mental anguish." (Emphasis added.) (Amended complaint, ¶ 15.) The plaintiff further alleges in paragraph seventeen of count five that, as a result of Allstate's conduct, she has suffered, and will continue to suffer, extreme emotional distress and mental anguish. Taken as true, these allegations are sufficient to satisfy the first, third and fourth elements required for a claim of intentional infliction of emotional distress as a matter of law.
The second element requires that the conduct be extreme or outrageous. What is considered extreme or outrageous is a matter for the court to decide. "Liability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind. Petyan v. Ellis, supra, [200 Conn. 243,] 254 n. 5, quoting W. Prosser W. Keeton, Torts (5th Ed.) § 12, p. 60."Bell v. Board of Education, supra, 55 Conn. App. 409. "`Thus, [i]t is the intent to cause injury that is the gravamen of the tort; Hustler Magazine v. Falwell, 485 U.S. 46, 53,108 S.Ct. 876, 99 L.Ed.2d 41 (1988). . . .'" Id., quoting DeLaurentis v.New Haven, 220 Conn. 225, 266-67, 597 A.2d 807 (1991). "Whether the defendant's conduct and the plaintiff's resulting distress are sufficient to satisfy . . . these elements is a question, in the first instance, for [the] court. Only where reasonable minds can differ does it become an issue for the jury. Reed v. SignodeCorporation, 652 F. Sup. 129, 137 (D. Conn. 1986); 1 Restatement (Second), Torts § 46, comment (h) (issue of extreme and CT Page 1137 outrageous conduct) and comment (j) (issue of severe emotional distress). Mellaly v. Eastman Kodak Co., 42 Conn. Sup. 17, 18-19,597 A.2d 846 (1991) (Berdon, J.)." (Internal quotation marks omitted.) Id., 409-410.
The court must accept all well pleaded allegations. The court, therefore, finds the allegation, if true, that the defendant purposely withheld payment on a claim for more than a year outrageous conduct on the part of the defendant. Although this allegation remains to be proven, for now, the count will stand.
 IV.
Lastly, the defendant asserts that the CUTPA claim should be stricken for the additional reason that the plaintiff has failed to allege that the actions complained of constitute a general business practice, as required by General Statutes § 38a-816(6). The plaintiff, however, argues that while this is a correct statement, it is irrelevant as the complaint cites § 38a-816(15), not § 38a-816(6).
"[A] CUTPA claim based on an alleged unfair settlement practice prohibited by [§] 38a-816(6) [requires] proof, as under CUIPA, that the unfair settlement practice [has] been committed or performed by the defendant with such frequency as to indicate a general business practice. . . . Lees v. MiddlesexIns. Co., 229 Conn. 842, 850, 643 A.2d 1282 (1994)." Braca v.Cigna Ins. Co., Superior Court, judicial district of Fairfield at Fairfield, Docket No. 333159 (March 26, 1999, Melville, J.) (24 Conn. L. Rptr. 316). "On the other hand, General Statutes 38a-816(15) provides: Failure to pay accident and health claims within forty-five days of receipt by an insurer of the claimant's proof of loss form unless the Insurance Commissioner determines that a legitimate dispute exists as to coverage, liability or damages or that the claimant has fraudulently caused or contributed to the loss . . ., but does not contain a requirement that the conduct occur with such frequency as to indicate a general business practice." Id., quoting Pierce v.Aetna Life Ins. Co., Superior Court, judicial district of Tolland at Rockville, Docket No. 63296 (March 24, 1998, Sullivan, J.). "As a result, there is no need to allege more than one incident for a claim under § 38a-316(15). See also King v. Ehorn, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 044381 (November 17, 1993, Rush, J.) (10 Conn. L. Rptr. 356, CT Page 1138 357-58) (holding that where asserting claims under both §38a-816(a) and § 38a-816(6), plaintiff need not allege multiple acts or general business practice despite the fact that a claim under § 38a-816(6), by itself, would require allegations of general business practice)." (Internal quotation marks omitted.) Id.
Moreover, the defendant incorrectly relies on Lees v.Middlesex Ins. Co., 229 Conn. 842, 847-848, 643 A.2d 1282 (1994), to support its position. "The Lees case, supra, deals with claims under General Statutes § 38a-816(6) captioned `Unfair claim settlement practices'. The plaintiff states, in the brief, that this action is brought under General Statutes § 38a-816(15). General Statutes § 38a-816(15) does not contain a requirement that the conduct occur `with such frequency as to indicate a general business practice.' Hence such a requirement, as pertains to § 38a-816(6), is inapplicable as concerns actions brought under § 38a-816(15). Lees v. Middlesex Ins. Co., supra, is not applicable to the claim of the plaintiff as set forth herein. See also Webster, et al v. U.S. Fidelity Guaranty Co., Superior Court, [judicial district of Tolland at Rockville, Docket No. 51784 (March 21, 1995, Rittenband, J.) (9 Conn. L. Trib. No. 5, 147)]." Pierce v. Aetna Life Ins. Co., Superior Court, judicial district of Tolland at Rockville, Docket No. 63296 (March 24, 1998, Sullivan, J.). The plaintiff has sufficiently alleged a violation of CUIPA, and such violation may also form the basis for a violation of CUTPA. See Mead v. Burns, 199 Conn. 651,663-666, 509 A.2d 11 (1986). Thus, the motion to strike count four is denied.
In conclusion, the motion to strike counts two, three, four and five is denied. The claims are not prematurely before the court, nor do counts two, four and five fail to state a claim upon which relief can be granted. All counts are sufficient as a matter of law.
SKOLNICK, J.